ON ORDER TO SHOW CAUSE
PER CURIAM.
This is a case where the breaking of the rules has crossed the line and consequences must follow. The rules of appellate procedure include time schedules designed to insure an orderly and efficient appellate process. While we are aware that such rules are not meant to be rigid or unyielding where valid reasons or exceptional. circumstances support extension requests, when abuse of the rules and this court’s orders occurs, sanctions must.follow. This case involves such abuse. The chronology of events that transpired to lead us to this point is as follows:
On April 10, 2003, a notice of direct appeal of a criminal judgment and sentence was filed in this case. Thus, pursuant to Florida Rule of Appellate Procedure 9.140(f), the record on appeal was due to be filed fifty days later, on May 30, 2003. On June 30, 2003, more than thirty days after the deadline, this court issued an order to show cause to Appellant’s counsel, Vinette Morris-Hudson, why the appeal should not be dismissed for failure to timely file the record. Morris-Hudson responded with a request for an extension, *1247 which this court granted, up to July 31, . 2003.
After Appellant’s failure to serve and file the initial brief on or before September 11, 2003, another order to show cause issued on October 14, 2003. Morris-Hudson was given ten days to respond. This court received Morris-Hudson’s response on October 30, 2003, requesting yet another extension. This court responded by granting an enlargement up to November 28, 2003, but issued a concomitant order to show cause why Morris-Hudson should not be personally sanctioned pursuant to Florida Rule of Appellate Procedure 9.410. Again, Morris-Hudson was given ten days to file a response. When no response was received, this court issued an order on November 21, 2003, personally sanctioning Morris-Hudson $250 for her failure to comply with this court’s orders and the appellate rules. Morris-Hudson was given ten days to remit the sanction amount to the Clerk of the Court.
After the deadline for remittance of the sanction amount passed, this court issued another order on December 8, 2003, ordering Morris-Hudson to respond as to why she should not be further sanctioned, including referral to the Florida Bar, for her continued defiance of this court’s orders. Morris-Hudson was again given ten days to file a response. Her response was not filed with this court until December 29, 2003.[1] In her response, Morris-Hudson maintained that her failure was due to an oversight. The $250 sanction was included with her explanation. Thereafter, on January 14, 2004, this court issued an order noting the untimely response and ordered Morris-Hudson to appear before the panel to explain the reasons for .her repeated failure to comply with this court’s orders and the appellate rules. The hearing was scheduled for February 4, 2004 at 1:30 p.m.
On February 4, 2004, Morris-Hudson arrived ten minutes late. A short time into the hearing (approximately ten minutes), Morris-Hudson appeared to be feeling faint and sank to the floor. Court personnel attempted ,to assist her and EMTs were called. Around the time of the EMTs’ arrival, counsel was able to sit in a chair and had regained her composure.[2] It was agreed that the hearing would be continued at a later date and Morris-Hudson expressed that she “looked forward” to being heard. . .On March 1, 2004, this court sent notice continuing, .the hearing to March 24, 2004, at 1:30 p.m., and ordering Morris-Hudson to respond to allegations made in a pro se motion filed by her client wherein he requested “dismissal” of his counsel based on conflict, and sought relinquishment to the trial court for appointment of substitute counsel.
On March 12, 2004, Morris-Hudson filed a motion for extension to respond to her client’s motion, and her response was subsequently filed on March 17, 2004.[3] In the *1248 cover letter of the March 17, 2004, response, Morris-Hudson stated, “I look forward to addressing any questions the court may have regarding Mr. Price’s allegations at the March 22, 2004 hearing.” (Emphasis added). Since the hearing was actually scheduled for March 24, 2004, Morris-Hudson’s office was telephonically notified that the hearing was scheduled for March 24, 2004, as clearly set forth in this court’s notice, not March 22, 2004, as stated in Morris-Hudson’s letter.
On March 24, 2004, at 12:50 p.m., Morris-Hudson’s secretary called to notify this court that Morris-Hudson was in a trial in Orange County and would be unable to attend the 1:30 p.m. hearing. At 1:20 p.m., Morris-Hudson personally called and stated that she would not be able to attend the hearing, explaining that she was calling from a break in a trial that was to reconvene at 2:00 p.m. Morris-Hudson stated that her secretary had incorrectly scheduled her obligations. This court has had enough.
Under Florida Rule of Appellate Procedure 9.410, this court has the authority to sanction attorneys for violating the rules of appellate procedure. Generally, we choose to impose the less egregious monetary sanction in lieu of dismissal in cases where counsel ignores the time limits set by the rules. However, in cases such as this, where a minimal monetary sanction has had no effect, published admonishment in conjunction with an additional monetary sanction is warranted, not only to send a message to the attorney, but to protect future clients from dismissal of their appeals due to substandard prosecution.
Having determined that attorney Vi-nette Morris-Hudson has violated the appellate rules and this court’s orders to the point of jeopardizing her client’s criminal appeal, we refer this matter to The Florida Bar. It is further ordered that Morris-Hudson is sanctioned in the amount of $1,000 to be paid by her to the Clerk of the Court within fifteen days from the date of this Opinion. Such sanction is appropriately imposed in this case pursuant to Florida Rule of Appellate Procedure 9.410.
IT IS SO ORDERED.
SAWAYA, C.J., PLEUS and PALMER, JJ., concur.

. The certificate of service date to the attorney general, included with the response, was December 19, 2003.

. She stated that she was hypoglycemic and had not eaten anything that day due to .her busy schedule. Cookies were administered to her and her blood sugar level was checked. It was determined that her blood sugar was low and she was instructed by the emergency personnel to go to the hospital. Morris-Hudson declined and signed a waiver.

.Without getting into the specific assertions made in the Appellant’s motion, in light óf the grievous allegations made by Appellant against Morris-Hudson, his grievance against her with the Florida Bar, and her response to the Bar (submitted to this court by Morris-Hudson), it is a mystery to us why she has not requested withdrawal from representation in this appeal.